## Case No. 5,490a.

### GODDARD v. CUNNINGHAM.

[16 Reporter, 7.] [1]

Circuit Court, S. D. New York. June 1, 1883.

TRIAL—CHARGE FOR DEFENDANT—EVIDENCE.

In an action for breach of a contract for the purchase of merchandise, where a finding of the jury in favor of plaintiffs would be contrary to evidence it is not error for the court to instruct the jury to find a verdict for the defendant.

On motion for a new trial. The action was for damages for breach of a contract for the purchase of merchandise, and the defence was that the defendants were deprived of an opportunity to inspect the merchandise within a reasonable time. The court directed a verdict for defendants.

Chamberlain, Carter & Hornblower, for plaintiff.

Knox & Woodward, for defendants.

WALLACE, Circuit Judge. The instruction to the jury to find for the defendants was justified for the reason that a finding that the defendants were given a reasonable time for inspection of the merchandise after its delivery upon the dock would have been contrary to evidence. The defendants attempted to inspect it, but found it had been removed before the time which the plaintiff's agent, by his letter of January 16th, had fixed himself as a reasonable time. In view of the plaintiff's own understanding of what would be a reasonable time as expressed in that letter by his agent, an intelligent jury could have reached but one conclusion. That letter, in connection with the other facts of the transaction, made a case so strong for the defendants that it could not be overthrown. The defence that the plaintiff did not give the defendants a reasonable opportunity for the inspection was distinctly made in the answer, and the issue required the plaintiff to be prepared with the evidence, which he did not produce, and which he now calls newly-discovered evidence. Motion denied.

## Case No. 5,491.

### GODDARD v. DAVIS et al.

[1 Cranch, C. C. 33.] [2]

Circuit Court, District of Columbia. July Term, 1801.

PLEADING — TRESPASS — GENERAL ISSUE — JURISDICTION.

1. In trespass, the defendant cannot justify under the general issue.

2. This court has jurisdiction in trespass, although the damages do not amount to twenty dollars.

[Cited in Hellrigle v. Dulany, Case No. 6,343.]

Trespass for breaking and entering the plaintiff's house.

THE COURT refused to permit the defendants, upon the issue of not guilty, to give in evidence testimony to prove that they had a warrant for entering the house. Verdict for the plaintiff, ten dollars damages. Motion in arrest of judgment because the damages are less than twenty dollars. Overruled, and judgment for plaintiff.